1   BRANDON M. TESSER (SBN 168476)
        (brandon@tessergrossman.com)
2   BRIAN M. GROSSMAN (SBN 166681)
        (brian@tessergrossman.com)
3   TESSER | GROSSMAN LLP
    11990 San Vicente Boulevard, Suite 300
4   Los Angeles, California 90049
    Telephone:   (310) 207-4558
5   Facsimile:    (424) 256-2689

6   Attorneys for Plaintiff
    ELOHIM EPF USA, INC.

7

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  ELOHIM EPF USA, INC., a            )   Case No.: 2:17-cv-00630
    California Corporation,            )
13                                     )
                 Plaintiff,            )   **COMPLAINT FOR**
14                                     )
          vs.                          )   **1.    DIRECT COPYRIGHT**
15                                     )   **      INFRINGEMENT**;
    KARAOKE PHOENIX, INC., a           )
16  California Corporation d/b/a B & G )   **2.    CONTRIBUTORY**
    KARAOKE; JAE W. PARK, an           )   **      COPYRIGHT**
17  individual; DEGOLMOK, INC., a      )   **      INFRINGEMENT;**
    California Corporation d/b/a        )
18  DEGOLMOK NORAEBANG;                )   **3.    VICARIOUS COPYRIGHT**
    JENNIFER BITTEL, an individual;    )   **      INFRINGEMENT;**
19  SAEJIN WORLD, INC., a California   )
    Corporation d/b/a PARTY            )   **4.    INDUCING COPYRIGHT**
20  KARAOKE; SAE JIN HAN, an           )   **      INFRINGEMENT**
    individual; HYUN SOOK HAN, an      )
21  individual d/b/a IMPERIAL PLUS     )
    KARAOKE; LEADING TOWN              )   **JURY DEMAND**
22  SDUS, INC., a California Corporation )
    d/b/a CHORUS KARAOKE; KYONG        )
23  A. NAM, an individual; and DOES 1  )
    through 20, inclusive              )
24                                     )
                 Defendants.           )
25                                     )
    _____   )
26

27

28

────────────────────────────────────────
                    **COMPLAINT**

Plaintiff Elohim EPF, USA, Inc. alleges as follows:

# I

# JURISDICTION

1.   This court has subject matter jurisdiction over this action because it arises under the laws of the United States, 28 U.S.C. § 1331, more particularly, because it arises under an Act of Congress relating to copyrights, 28 U.S.C. § 1338, namely, the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*

# II

# VENUE

2.   Venue is proper in this district pursuant to 28 U.S.C. § 1400(a), in that all of the defendants, or their agents, reside or may be found in the district.

3.   Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b) in that either: (1) one or more defendants reside in this district, and all defendants reside in this state; (2) a substantial part of the events or omissions giving rise to the claim occurred in this district; or (3) at least one defendant resides in this district, if there is no district in which the action may otherwise be brought.

# III

# PARTIES

4.   Plaintiff ELOHIM EPF USA, INC. ("Elohim") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Diamond Bar, California.  Elohim is the United States sub-publisher for a substantial number of music publishers in the Republic of Korea ("Korea") and, as such, controls the right to license compositions for those publishers in the United States.

*///*

---

**COMPLAINT**

5.     Defendant KARAOKE PHOENIX, INC. ("KARAOKE PHOENIX") is a corporation duly licensed and existing under the laws of the State of California, with its principal place of business in Stanton, California.  KARAOKE PHOENIX operates, maintains and controls an establishment known as B & G KARAOKE ("B & G") located at 12860 Beach Boulevard, Suite K, Stanton, California 90680, in this district.   B & G contains and operates karaoke machine(s) on its premises. KARAOKE PHOENIX has a direct financial interest in B & G.

6.     Defendant JAE W. PARK is, upon information and belief, a resident of Orange County, and the Chief Executive Officer of KARAOKE PHOENIX.  Upon information and belief, JAE W. PARK directs, controls and ratifies the operation and management of KARAOKE PHOENIX d/b/a B & G, and has a direct financial interest in KARAOKE PHOENIX d/b/a B & G.  JAE W. PARK is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

7.     Defendant DEGOLMOK, INC. ("DEGOLMOK") is a corporation duly licensed and existing under the laws of the State of California, with its principal place of business in Los Angeles, California.  DEGOLMOK operates, maintains and controls an establishment known as DEGOLMOK NORAEBANG ("NORAEBANG") located at 3275 Wilshire Boulevard, # 102, Los Angeles, California, 90010, in this district.  NORAEBANG contains and operates karaoke machine(s) on its premises.   DEGOLMOK has a direct financial interest in NORAEBANG.

8.     Defendant JENNIFER BITTEL is, upon information and belief, a resident of Los Angeles County, and the Chief Executive Officer of DEGOLMOK. Upon information and belief, JENNIFER BITTEL directs, controls and ratifies the operation and management of DEGOLMOK d/b/a NORAEBANG, and has a direct financial interest in  DEGOLMOK d/b/a NORAEBANG.  JENNIFER BITTEL is
///

the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

9.     Defendant SAEJIN WORLD, INC. ("SAEJIN")  is a corporation duly licensed and existing under the laws of the State of California, with its principal place of business in Fullerton, California.  SAEJIN operates, maintains and controls an establishment known as PARTY KARAOKE ("PARTY KARAOKE") located at 1821 W. Commonwealth Avenue, Suite H, Fullerton, California 92833, in this district.   PARTY KARAOKE contains and operates karaoke machine(s) on its premises.  SAEJIN has a direct financial interest in PARTY KARAOKE.

10.     Defendant SAE JIN HAN is, upon information and belief, a resident of Orange County, and the President of SAEJIN.  Upon information and belief, SAE JIN HAN directs, controls and ratifies the operation and management of SAEJIN d/b/a PARTY KARAOKE, and has a direct financial interest in  SAEJIN d/b/a PARTY KARAOKE.  SAE JIN HAN is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

11.     Defendant HYUN SOOK HAN, is, upon information and belief, a resident of Orange County, and operates, maintains and controls an establishment known as IMPERIAL PLUS KARAOKE ("IMPERIAL PLUS") located at 1130 S. Beach Boulevard, La Habra, California 90631.  IMPERIAL PLUS contains and operates karaoke machine(s) on its premises.

12.     Upon information and belief, HYUN SOOK HAN directs, controls and ratifies the operation and management of IMPERIAL PLUS, and has a direct financial interest in IMPERIAL PLUS.  HYUN SOOK HAN is the moving force behind the infringing activity alleged herein and is personally liable for such infringement.

13.     Defendant LEADING TOWN SDUS, INC. ("LEADING TOWN")  is a corporation duly licensed and existing under the laws of the State of California, with its principal place of business in San Diego, California.  LEADING TOWN

1   operates, maintains and controls an establishment known as CHORUS KARAOKE

2   ("CHORUS") located at 4428 Convoy Street, Suite 290, San Diego, California

3   92111. CHORUS contains and operates karaoke machine(s) on its premises.

4   LEADING TOWN  has a direct financial interest in CHORUS.

5       14.    Upon information and belief, KYONG A. NAM  directs, controls and

6   ratifies the operation and management of LEADING TOWN d/b/a CHORUS, and

7   has a direct financial interest in LEADING TOWN d/b/a CHORUS. KYONG A.

8   NAM is the moving force behind the infringing activity alleged herein and is

9   personally liable for such infringement.

10      15.    All of the aforementioned Defendants, and Doe defendants, when

11  referred to collectively herein, shall be referred to as "Defendants."    The

12  establishments that contain and operate karaoke machine(s) on their premises, when

13  referred to collectively herein, shall be referred to as "Karaoke Establishments."

14      16.    All Defendants are joined pursuant to Fed. R. Civ. P. 20(a)(2).

15      17.    Each of the Defendants publicly performs musical compositions and/or

16  causes musical compositions to be publicly performed in connection with the

17  operation of the Karaoke Establishments.

18      18.    Plaintiff is ignorant of the true names and capacities of the Defendants

19  sued herein as Does 1-20, inclusive, and therefore sues these Defendants by such

20  fictitious names.  Plaintiff will amend this Complaint to allege the true names and

21  capacities when ascertained.  Plaintiff is informed and believes, and on that basis

22  alleges, that each of the fictitiously-named Defendants is responsible in some manner

23  or capacity for the wrongful conduct alleged herein, and that Plaintiff's loss as

24  alleged herein was proximately and/or directly caused by such Defendants' acts.

25      19.    All of the claims for copyright infringement joined in this Complaint

26  are governed and arise from or relate to the same transaction or occurrence, or series

27  of transactions or occurrences, and one or more  questions(s) of law or fact are

28  common to all the parties.  In particular, Plaintiff alleges that Defendants have

1   infringed Plaintiff's copyrights by performing or causing the performance of
2   Plaintiff's musical compositions without authorization. Thus, joinder of these claims
3   will promote the convenient administration of justice and will avoid a multiplicity
4   of separate, similar actions against Defendants.

5

6                                              **IV**

7                          **FACTS COMMON TO ALL CLAIMS**

8                                **Elohim EPF, USA, Inc.**

9        20.    Commencing on or about July 1, 2013 and continuing through the
10  present, Elohim has been and continues to be the exclusive "Subpublisher" in the
11  United States and Canada of thousands of well-known and popular Korean music
12  compositions (for a small number of these songs, Elohim acts as the publisher).
13  These thousands of songs are referred to collectively herein as the " Compositions."

14       21.    A "Subpublisher" is a term of art in the music publishing industry,
15  which means a person or entity that has received from the copyright owner(s) or
16  various musical compositions a grant of the exclusive right in one (1) or more
17  countries of the world to "Administer" such musical compositions.  In the music
18  publishing industry, a "publisher" differs from a "Subpublisher" in that the copyright
19  owner usually grants the "publisher" the exclusive right to Administer musical
20  compositions throughout the world, whereas a copyright owner usually grants one
21  (1) or more "Subpublishers" the exclusive right to Administer musical compositions
22  for a territory less than the entire world.

23       22.    "Administer" is a term of art in the music publishing industry which
24  means the right to license and grant all rights in the applicable musical compositions
25  (and their copyrights), and to collect all monies earned in connection with such
26  musical compositions.

27       23.    Accordingly, pursuant to the terms of the Subpublishing agreements (or
28  in certain specified instances, the publishing agreements) between Elohim and the

copyright holders of the Compositions, Elohim registered certain Compositions with the U.S. Copyright Office (hereinafter collectively the "Registered Compositions"). Although Plaintiff contends that Defendants have infringed Plaintiff's rights in all of the Compositions, this lawsuit concerns only the following Registered Compositions:

1.    Hwa (Case No. 1-3910651651)[1];

2.    Ba Daeui Yeoin (Case No. 1-3910651651);

3.    Yeht Sarang (Case No. 1-3910651651);

4.    Sarang Eui Euiji (Case No. 1-3910651651);

5.    Yoksim Upneun Maeum (Case No. 1-3910651651);

6.    Haeng Jin (Case No. 1-1025712461);

7.    Michigetseo (Case No. 1-1025150817);

8.    Jangnan Anya (Case No. 1-1025150817)

9.    Bad Boy (Case No. 1-3396749316)

10.    NumMuri Jururuk (Case No. 1-1025150817)

11.    Bam Ha Neul E (Case No. 1-1025150817)

12.    Jeong Sin I Na Gat Eot Na Bwa (Case No. PA 1-904-034)

13.    Hot Boy (Case No. 1-3374196266)

14.    Il Gi Jang (Case No. 1-3397260545)

15.    To Yo Il Bam E (Case No. 1-3396749291)

16.    Dolgo Dolgo Dolgo (Case No. 1-1025712461)

17.    Bunmyung Ha Ge (Case No. 1-1025712461)

18.    Geok Jeong Mara (Case No. 1-1025712461)

19.    Narang Sagwilrae (Case No. 1-1025150817)

20.    Seul Peun Uem Ak (Case No. SR000073592)

21.    Diva (Case No. 1-3373820967)

22.    Neo Ttae Mun E (Case No. 1-3373820967)

---

[1]/ Songs one through five were registered pursuant to publishing agreements.

23.    Bingeul Bingeul (Case No. 1-3916873398)

24.    Tteol Eo Jin Da Nun Mool (Case No. 1-337396867)

25.    Superman (Case No. 1-3336625682)

26.    A Ro Ha (Case No. 1-3916873477)

27.    Yak Sok (Case No. 1-3916873566)

28.    Love Again (Case No. 1-3916873615)

29.    For U (Case No. 1-3916873664)

30.    Eol Ssu (Case No. 1-3364876763)

31.    Himeul Naepsi Da (Case No. 1-3916873733)

32.    Ga Ye Wo (Case No. 1-3373968648)

33.    Go Hae (Case No. SR0000740303)

34.    Gin Sang Meo Ri Geu Nyeo (Case No. SR0000733789)

35.    Ma Boy (Case No. SR0000735001)

36.     So Cool (Case No. SR0000735000)

37.    Push Push (Case No. SR0000735000)

38.    Gu Dae Wa Ham Ke (Case No. SR0000734414)

39.    Neo Man Ul Nu Ki Myeo (Case No. SR0000734414)

24.    Elohim is the exclusive owner of the United States copyright in and to the Registered Compositions.

25.    During all periods relevant to this action, Elohim has had and continues to have the exclusive rights in the copyright under the Copyright Act to the Registered Compositions, including a) the exclusive right to reproduce the Registered Compositions in copies or phonorecords (17 U.S.C. § 106(1)); b) the exclusive right to prepare derivative works based on the Registered Compositions (17 U.S.C. § 106(2)); c) the exclusive right to distribute copies or phonorecords of the Registered Compositions in the public by sale, rental, lease or lending (17 U.S.C. § 106(3)); d) the exclusive right to perform the Registered Compositions

///

publicly (17 U.S.C. § 106(4)); and e) the exclusive right to *display* the Registered Compositions publicly (17 U.S.C. § 106(5)).

26.    Within the past three years Defendants have, in the Karaoke Establishments, publicly performed and displayed and/or caused the public performance and display or, the Registered Compositions by means of karaoke machines, video monitors and sound systems.

### **Defendants**

27.    Karaoke, which means "empty orchestra" in Japanese, is a multi-million dollar business.  Karaoke recordings are re-recordings of hit songs with the lead vocal tracks either omitted (instrumental) or sung by sound-alike artists (learning track).  Lyrics are usually displayed on a video screen, along with a moving symbol, changing color, or music video image as a "prompt" to guide the singer in singing-along with the track.

28.    According to public records, since on or about April 2016, Defendants have, and continue to, own and operate various so-called "karaoke bars" in the cities of Los Angeles, Stanton, Fullerton, La Habra and San Diego. Defendants charge customers money for access to the many karaoke machines that Defendants have placed in the Karaoke Establishments described herein.  The karaoke machines, and the interaction of the customers with those machines, are the primary features of the experience for which customers pay Defendants.   Without karaoke music, Defendants would not be able to operate their businesses *at all*, and would earn no revenue; karaoke music is Defendants' stock-in-trade.

29.    Upon entering a Karaoke Establishment, one of Defendants' employees will assign patrons to one of the multiple individual karaoke rooms located therein. In these individual karaoke rooms, Defendants have set up a karaoke machine, video monitor, and sound system (e.g., speakers, amplifier and microphone) such that patrons can access and perform the musical compositions pre-recorded onto the karaoke machines, which compositions include the Registered Compositions.

Within each room there is also a binder that lists all of the karaoke musical compositions (i.e., songs) by name and number, for selection by customers, and which include the Registered Compositions. After a patron selects a certain musical composition, the instrumental music for the composition is played over the sound system, while concurrently a video monitor displays the lyrics for the musical composition so that the patron can sing along.

30. A fundamental legal requirement for publicly performing copyrighted musical compositions embodied in karaoke recordings is a license granting the right of public performance, which must be obtained from the owner and/or administrator of the copyright of the musical compositions to be performed. In addition, the public visual display of song lyrics on the video monitors of the karaoke machines enjoys independent copyright protection, and thereby requires a separate license granting the right of display, which must also be obtained from the owner and/or administrator of the musical compositions.

31. Here, Plaintiff has not granted Defendants the right to publicly perform or publicly display any of the Compositions. Moreover, Defendants have known that their continued public performance and public display of each of the Compositions constituted copyright infringement prior to the initiation of this action because Plaintiff sent cease and desist letters to Defendants. In addition, Plaintiff has made public announcements regarding such infringing conduct by Karaoke Establishments in order to educate them about such infringement, and urge them to stop, or acquire appropriate licenses. Thus, despite Defendants' knowledge that they lacked authorization to publicly perform or publicly display the Compositions, Defendants knowingly, willfully and intentionally continued their extensive use of each of the Compositions in their respective Karaoke Establishments and failed to pay Elohim for the right to publicly perform and publicly display each of the Compositions as required by 17 U.S.C. §§ 106(4) and (5).

///

# FIRST CLAIM FOR RELIEF FOR
# COPYRIGHT INFRINGEMENT
### (Against All Defendants)

32.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 31, hereinabove, inclusive, as though set forth at length herein.

33.     As set forth in detail above, Elohim is the copyright owner of the Registered Compositions and has the exclusive right to grant licenses for the public performance and public display of the Registered Compositions in the territory of the United States.

34.     Since the inception of the Karaoke Establishments, Defendants have publicly performed and publicly displayed, and/or caused or authorized the public performance and public display, of each of the Registered Compositions by means of one or more karaoke machines and through elaborate and expensive sound systems and video monitors.  Each of the public performances and public displays of the Compositions has been conducted without a license or authorization from Plaintiff.

35.     Thus, Defendants have knowingly and intentionally authorized, caused, and engaged in the unlicensed public performance and public display of each of the Registered Compositions in violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106(4) and (5).

36.     On information and belief, Defendants' unlawful conduct has continued since the inception of the Karaoke Establishments on a nightly basis and on such numerous occasions that recounting each specific instance of infringement is impossible.

37.     Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of direct copyright infringement.
///

38.    Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of direct copyright infringement.

39.    The specific acts of copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiff significant damage.   By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at their Karaoke Establishments, Defendants  threaten to continue committing copyright infringement on essentially a daily basis.   Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

40.    Plaintiff also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

41.    Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions infringed.   Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

42.    Plaintiff is also entitled to recovery attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

///

///

///

///

///

///

///

1
2
3

**SECOND CLAIM FOR RELIEF FOR**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**(Against All Defendants)**

4      43.      Plaintiff realleges and incorporates herein by reference each and every

5   allegation set forth in Paragraphs 1 through 42, hereinabove, inclusive, as though set

6   forth at length herein.

7      44.      As set forth in detail above, Elohim is the copyright owner of the

8   Registered Compositions and has the exclusive right to grant licenses for the public

9   performance and public display of the Registered Compositions in the territory of the

10  United States.

11     45.      Defendants charge patrons money to access the karaoke machines that

12  Defendants have placed in the Karaoke Establishments.  Patrons pay Defendants an

13  hourly rate for access to one of Defendants' rooms, wherein patrons are provided the

14  opportunity and ability to cause the public performance and public display of each

15  of the Registered Compositions without a license.  The sole purpose of the individual

16  rooms is to provide patrons with a space to publicly perform and publicly display

17  musical compositions (including the Registered Compositions) in the karaoke

18  machines, and to charge patrons for such use.

19     46.      By providing patrons the space and ability (i.e., by furnishing the

20  individual rooms with a karaoke machine, video monitor and sound system to play

21  recordings of the musical compositions and display their lyrics) to publicly perform

22  and to publicly display each of the Registered Compositions, Defendants have

23  knowingly and systematically induced, caused, materially contributed to and

24  participated in the infringing activity.

25     47.      Furthermore, as sophisticated business owners, Defendants know that

26  they must have a license for the public performance and public display of the musical

27  compositions in the karaoke machines that Defendants have on their premises.  Prior

28  to this litigation, Defendants were in receipt of, and/or were aware of, cease and

desist letter(s) and/or public announcements/press releases warning Karaoke Establishments to secure the proper licensing for the karaoke machines and musical compositions thereon, particularly a license for the Compositions (which include the Registered Compositions).

48.     By knowingly providing patrons unfettered access to publicly perform and publicly display each of the unlicensed Registered Compositions, Defendants have engaged in contributory copyright infringement.    Despite Defendants' knowledge that they lacked authorization to publicly perform and to publicly display each of the Compositions, Defendants knowingly, willfully and intentionally continued to induce, cause or materially contribute to the infringement of Plaintiff's rights by holding themselves out as a "karaoke-bar" and providing patrons of the Karaoke Establishments with individual rooms equipped to publicly perform and display each of the Registered Compositions in violation of Plaintiff's rights under Sections 105(4) and 106(5) of the Copyright Act.

49.     On information and belief, Defendants' contributory unlawful conduct has continued since the inception of the Karaoke Establishments on a nightly basis and on such numerous occasions that recounting every instance of infringement is impossible.

50.     Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of contributory copyright infringement.

51.     Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of contributory copyright infringement.

52.     Defendants' conduct has been and continues to be intentional, willful, and with full knowledge of Plaintiffs' rights in each of the Registered Compositions, and the contributory infringement thereof.

///

53.     The specific acts of contributory copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiff significant damage.  By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at their Karaoke Establishments, Defendants  threaten to continue committing copyright infringement on essentially a daily basis.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

54.     Plaintiff also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

55.     Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrights, Plaintiff is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions.  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

56.     Plaintiff is also entitled to recovery attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.

### THIRD CLAIM FOR RELIEF FOR
### VICARIOUS COPYRIGHT INFRINGEMENT
### (Against All Defendants)

57.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 56, hereinabove, inclusive, as though set forth at length herein.

58.     As set forth in detail above, Elohim is the copyright owner of the Registered Compositions and has the exclusive right to grant licenses for the public

performance and public display of the Registered Compositions in the territory of the United States.

59.     Defendants charge patrons money to access the karaoke machines that Defendants have placed in the Karaoke Establishments.  Patrons pay Defendants an hourly rate for access to one of Defendants' rooms, wherein patrons are provided the opportunity and ability to cause the public performance and public display of each of the Registered Compositions without a license.  The sole purpose of the individual rooms is to provide patrons with a space to publicly perform and publicly display musical compositions (including the Registered Compositions) in the karaoke machines, and to charge patrons for such use.  In turn, Defendants have a direct financial interest in their patrons' unlawful public performance and public display of each of the Registered Compositions, as Defendants receive income directly from such use.

60.     Defendants have absolute control over the use of the karaoke machines on their premises, as well as their patrons' access so such karaoke machines and individual karaoke rooms.  Thus, Defendants have the right and ability to supervise, control and stop the unlicensed public performance and unlicenced public display of each of the Registered Compositions by Defendants' patrons.

61.     As sophisticated business owners, Defendants know that they must have a license for the public performance and public display of the musical compositions in the karaoke machines that Defendants have on their premises.  Furthermore, prior to this litigation, Defendants were in receipt of, and/or were aware of, cease and desist letter(s) and/or public announcements/press releases warning Karaoke Establishments to secure the proper licensing for the karaoke machines and musical compositions thereon, particularly a license for the Compositions (which include the Registered Compositions).

62.     By knowingly providing patrons unfettered access to publicly perform and publicly display each of the unlicensed Registered Compositions, and charging

patrons for such use, Defendants profit from the direct infringement of Plaintiff's rights and thereby have engaged in vicarious copyright infringement.  Despite Defendants' knowledge that they lacked authorization to publicly perform and to publicly display each of the Compositions, Defendants knowingly, willfully and intentionally continued to profit from such use and knowingly failed to stop it, notwithstanding their right and ability to supervise the infringement in violation of Plaintiff's rights under Sections 105(4) and 106(5) of the Copyright Act.

63.    Since the inception of the Karaoke Establishments, Defendants have knowingly supervised and had a direct financial interest in the unauthorized public performance and unauthorized public display of each of the Registered Compositions.  On information and belief, Defendants' contributory unlawful conduct has continued since the inception of the Karaoke Establishments on a nightly basis and on such numerous occasions that recounting every instance of infringement is impossible.

64.    Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of vicarious infringement.

65.    Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of vicarious infringement.

66.    Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's rights in each of the Compositions, and the vicarious infringement thereof.

67.    The specific acts of vicarious copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiff significant damage.  By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at their Karaoke Establishments, Defendants  threaten to continue committing copyright infringement on essentially a daily basis.  Unless this Court restrains Defendants

///

1    from committing further acts of copyright infringement, Plaintiff will suffer

2    irreparable injury for which it has no adequate remedy at law.

3        68.    Plaintiff also seeks an order under 17 U.S.C. § 503, directing the

4    impoundment, destruction or other reasonable disposition of all infringing karaoke

5    machines.

6        69.    Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of

7    Defendants' vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to

8    recover up to $150,000 in statutory damages for each of the Registered

9    Compositions.  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b),

10   Plaintiff is entitled to its damages, including Defendants' profits from infringement,

11   in connection with the Registered Compositions as will be proven at trial.

12       70.    Plaintiff is also entitled to recovery attorney's fees and costs pursuant

13   to 17 U.S.C. § 505 and prejudgment interest according to law.

14

15               **FOURTH CLAIM FOR RELIEF FOR**

16          **INDUCING COPYRIGHT INFRINGEMENT**

17                  **(Against All Defendants)**

18       71.    Plaintiff realleges and incorporates herein by reference each and every

19   allegation set forth in Paragraphs 1 through 70, hereinabove, inclusive, as though set

20   forth at length herein.

21       72.    As set forth in detail above, Elohim is the copyright owner of the

22   Registered Compositions and has the exclusive right to grant licenses for the public

23   performance and public display of the Registered Compositions in the territory of the

24   United States.

25       73.    Defendants charge patrons money to access the karaoke machines that

26   Defendants have placed in the Karaoke Establishments.  Patrons pay Defendants an

27   hourly rate for access to one of Defendants' rooms, wherein patrons are provided the

28   opportunity and ability to cause the public performance and public display of each

of the Registered Compositions without a license. The sole purpose of the individual rooms is to provide patrons with a space to publicly perform and publicly display musical compositions (including the Registered Compositions) in the karaoke machines, and to charge patrons for such use.

74. By providing patrons the space and ability (i.e., by furnishing the individual rooms with a karaoke machine, video monitor and sound system to play recordings of the musical compositions and display their lyrics) to publicly perform and to publicly display each of the Registered Compositions, Defendants actively promote, encourage and induce their patrons to infringe Plaintiff's rights in each of the Registered Compositions.

75. Furthermore, as sophisticated business owners, Defendants know that they must have a license for the public performance and public display of the musical compositions in the karaoke machines that Defendants have on their premises. Furthermore, prior to this litigation, Defendants were in receipt of, and/or were aware of, cease and desist letter(s) and/or public announcements/press releases warning Karaoke Establishments to secure the proper licensing for the karaoke machines and musical compositions thereon, particularly a license for the Compositions (which include the Registered Compositions).

76. On information and belief, Defendants' contributory unlawful conduct has continued since the inception of the Karaoke Establishments on a nightly basis and on such numerous occasions that recounting every instance of infringement is impossible.

77. Each unauthorized public performance of each of the Registered Compositions constitutes a separate and distinct act of inducing copyright infringement.

78. Each unauthorized public display of each of the Registered Compositions constitutes a separate and distinct act of inducing copyright infringement.

79.     Defendants' conduct has been and continues to be intentional, willful and with full knowledge of Plaintiff's rights in each of the Compositions, and the inducement of infringement thereof.

80.     The specific acts of vicarious copyright infringement alleged in this Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiff significant damage.  By continuing to provide unauthorized public performances and public displays of each of the Registered Compositions at their Karaoke Establishments, Defendants  threaten to continue committing copyright infringement on essentially a daily basis.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury for which it has no adequate remedy at law.

81.     Plaintiff also seeks an order under 17 U.S.C. § 503, directing the impoundment, destruction or other reasonable disposition of all infringing karaoke machines.

82.     Pursuant to 17 U.S.C. § 504(c), as a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover up to $150,000 in statutory damages for each of the Registered Compositions.  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its damages, including Defendants' profits from infringement, in connection with the Registered Compositions as will be proven at trial.

83.     Plaintiff is also entitled to recovery attorney's fees and costs pursuant to 17 U.S.C. § 505 and prejudgment interest according to law.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

**On the First Claim for Direct Copyright Infringement against all Defendants:**

A.     For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.   For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.   For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.   For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.   For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies or enabling performance or display of the Registered Compositions;

F.   For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**On the Second Claim for Contributory Copyright Infringement against all Defendants:**

A.   For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.   For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.   For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.   For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert

with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.   For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies or enabling performance or display of the Registered Compositions;

F.   For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**On the Third Claim for Vicarious Infringement against all Defendants:**

A.   For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.   For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.   For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.   For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.   For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies or enabling performance or display of the Registered Compositions;

F.   For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

///

**On the Fourth Claim for Inducing Infringement against all Defendants:**

A.    For an order imposing a constructive trust over those monies obtained by Defendants as a result of their violation of the Copyright Act;

B.    For an award of damages, including actual damages and any gains, profits and advantages, obtained by Defendants as a result of their acts of infringement in an amount according to proof;

C.    For an award of statutory damages in an amount of up to $150,000 for each of the Registered Works infringed according to proof at the time of trial;

D.    For a preliminary and permanent injunction prohibiting Defendants, and their agents, employees, servants, and anyone else acting in concert with them, from infringing, in any manner, the Registered Compositions, pursuant to 17 U.S.C. § 502;

E.    For an order directing the impoundment or other reasonable disposition of all infringing phonorecords and copies of each of the Registered Compositions, including all equipment containing copies of or enabling performance or display of the Registered Compositions;

F.    For costs of suit, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

///
///
///
///
///
///
///
///
///

**On All Claims for Relief:**

      A.     For costs of suit incurred herein;

      B.     For prejudgment interest at the legal rate; and

      C.     For such other and further relief as the Court deems just and proper.

DATED: January 26, 2017     TESSER | GROSSMAN LLP
                                    BRANDON M. TESSER
                                    BRIAN M. GROSSMAN

                         /s/ Brandon M. Tesser
                        BRANDON M. TESSER
                        Attorneys for Plaintiff
                        ELOHIM EPF USA, INC.
                        E-mail: brandon@tessergrossman.com

1

**DEMAND FOR JURY TRIAL**

2

3         Plaintiff hereby demands a jury trial on all claims for relief which may be tried

4  to a jury.

5

6  DATED: January 26, 2017       TESSER | GROSSMAN LLP

                                   BRANDON M. TESSER

7                                  BRIAN M. GROSSMAN

8

9

                               /s/ Brandon M. Tesser

10                         BRANDON M. TESSER

                         Attorneys for Plaintiff

11                        ELOHIM EPF USA, INC.

                         E-mail: brandon@tessergrossman.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28