# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ELOHIM EPF USA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>KARAOKE PHOENIX, INC, *et al.*,<br><br>    Defendants. | CV 17-00630 TJH (GJSx)<br><br>Amended<br>Order<br>and<br>Judgment<br>JS-6 |

    The Court has considered Plaintiff Elohim EPF USA, Inc.'s motion for default judgment against Defendants Degolmok, Inc. ["Degolmok"] dba Degolmok Noraebang and Jennifer Bittel, together with the moving papers.

    Elohim is a subpublisher for music publishers in the Republic of Korea. Between December, 2013, and September, 2016, Elohim copyrighted 24 Korean language songs with the United States Copyright Office ["Copyrighted Songs"]. Various night clubs in Los Angeles have been using the Copyrighted Songs in their karaoke machines without paying royalties to Elohim. Elohim filed this copyright infringement action against five unrelated night clubs and various individuals.

    Degolmok does business as Degolmok Noraebang ["Noraebang"], a karaoke bar

in Los Angeles. Bittel is, allegedly, Degolmok's Chief Executive Officer and directs, controls, and ratifies the operation and management in Noraebang.

Noraebang charges customers a fee to use the karaoke machines in its establishment. On February 16, 2016, Elohim's Chief Executive Officer, Chong Yun Cha, visited Degolmok and either personally observed or participated in a karaoke performance of each of the Copyrighted Songs, which were listed in Noraebang's song book. Elohim averred that it did not grant any of the Defendants the right to publicly perform or display the Copyrighted Songs.

On December 16, 2016, Elohim sent Noraebang a cease and desist letter regarding the Copyrighted Songs.

On January 26, 2017, Elohim filed this action against, *inter alia*, Degolmok and Bittel for: (1) Direct copyright infringement, in violation of 17 U.S.C. §§ 106(4) and (5); (2) Contributory copyright infringement, in violation of 17 U.S.C. §§ 105(4) and 106(5); Vicarious copyright infringement, in violation of 17 U.S.C. §§ 105(4) and 106(5); and (4) Inducing copyright infringement. Elohim alleged that the Defendants willfully and knowingly infringed on its copyrights in the Copyrighted Songs.

On January 27, 2017, Elohim served Degolmok and Bittel. On July 5, 2018, the Clerk of Court entered their defaults.

On January 7, 2019, Elohim filed this motion for default judgment against Degolmok and Bittel, seeking a permanent injunction, statutory damages, and attorneys' fees and costs.

Elohim has satisfied the procedural requirements for default judgment under Fed. R. Civ. P. 55(b) and Local Rule 55-1.

When considering a motion for default judgment, the Court must weigh the following factors: (1) The possibility of prejudice to Elohim; (2) The merits of Elohim's claims; (3) The sufficiency of the complaint; (4) The amount of money at stake; (5) The possibility of a dispute concerning material facts; (6) Whether default was due to excusable neglect; and (7) The strong policy of favoring a decision on the

merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

The possibility of prejudice to Elohim is high because if the motion for default judgment is denied, Elohim will have no alternative recourse against either Degolmok or Bittel. *See Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

With regard to the second and third factors, the Court must accept the factual allegations in the complaint regarding liability as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). To establish a *prima facie* case of direct copyright infringement, Elohim must demonstrate: (1) Ownership of a valid copyright; and (2) The use of the copyrighted material without permission. *See Feist Publications, Inc. V. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991). Elohim provided the Court with copies of the copyright registrations for the Copyrighted Songs and a declaration from Cha that he personally witnessed the unauthorized use of each of the Copyrighted Songs at Noraebang. Accordingly, Elohim has established liability for its claim of direct copyright infringement. *See Feist*, 499 U.S. at 361. Further, because Elohim alleged that Bittel directs, controls, and ratifies the operation and management of Noraebang – and the Court must accept that allegation as true – Elohim has established that Bittel either directly, contributorily, or vicariously infringed on Elohim's copyrights.

With regard to the fourth factor, the Copyright Act provides for, and Elohim is seeking, statutory damages. See 17 U.S.C. § 504. Under § 504, the minimum statutory damage amount per copyright infringed is $750.00, while the maximum statutory damage amount per copyright infringed is $150,000.00.

With regard to the fifth factor, the possibility of a dispute over material facts is low, here, because the Court must accept the factual allegations in the complaint regarding liability as true and Degolmok and Bittel did not oppose this motion. *See Geddes*, 559 F.2d at 560.

With regard to the sixth factor, it is unlikely that Degolmok's and Bittel's

absence were due to excusable neglect as this case was initiated two years ago, Degolmok and Bittel were served, and this motion was filed six months after default was entered. Degolmok and Bittel had adequate time to defend themselves. Accordingly, there is nothing in the record to support a finding of excusable neglect.

With regard to the seventh factor, while public policy favors decisions on the merits, the Eitel factors weigh in favor of the Court entering default judgment against Degolmok and Bittel. *See Eitel*, 992 F. Supp. 2d at 1472.

**Permanent Injunction**

The Copyright Act provides the Court with the authority to issue a permanent injunction on terms it deems reasonable to prevent continued copyright infringement. See 17 U.S.C. §502(a). A permanent injunction is appropriate where: (1) Elohim would be irreparably harmed, (2) Monetary damages are inadequate; (3) The balance of hardships favors Elohim; and (4) That an injunction would benefit the public interest. *See eBay Inc. V. MercExchange LLC*, 547 U.S. 388, 391-92 (2006).

Here, without an injunction, Elohim would be irreparably harmed because Degolmok and Bittel could continuously violate Elohim's copyrights. *See generally, eBay*, 547 U.S. at 391-92. Although the Copyright Act provides for statutory damages, Elohim would have to file additional lawsuits for future infringements to vindicate its rights. Accordingly, after weighing the factors, an injunction is warranted. *See eBay*, 547 U.S. at 391-92.

**Statutory Damages**

A copyright owner is entitled to recover either actual or statutory damages for an infringement. 17 U.S.C. § 504(a). If there is no evidence of willful infringement, the minimum statutory damage per copyright infringed is $750.00, and the maximum statutory damage is $30,000.00. See 17 U.S.C. §504(c)(1). If the infringement was committed wilfully, the maximum statutory damage increases to $150,000.00 per copyright infringed. See 17 U.S.C. § 504(c)(2).

The Court has wide discretion in determining the amount within the statutory

range and must consider what is just in each case based on the circumstances of each infringement. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). Notably, the statutory damage range was designed not only to compel restitution of profit and reparation for injury, but, also, to discourage wrongful conduct. *See F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952).

Here, Elohim alleged that Degolmok and Bittel willfully infringed its copyrights and seeks $3,600,000.00 in statutory damages – $150,000.00 for each of the Copyrighted Songs. Because Elohim specifically alleged that Degolmok and Bittel acted willfully, the Court may accept this fact as true. *See Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 F. App'x 550, 552 (9th Cir. 2013). However, Elohim failed to provide the Court with any argument or evidence regarding its usual and customary licensing fees for its songs. *See F. W. Woolworth*, 344 U.S. at 233. Given the facts and circumstances of this case, a fair statutory damage award would be $2,000.00 per copyright infringed. Given that there were 24 copyrights infringed, the total statutory damage award would be $48,000.00.

**Pre-Judgment Interest**

The Court has discretion to award Elohim pre-judgment interest to compensate it for its lost ability to use lost profits. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 716 (9th Cir. 2004). However, Elohim failed to substantiate its own significant time delays in this case, namely the amount of time between the date of service and the date defaults were requested, and the time between the date defaults were entered and the date this motion was filed. Accordingly, pre-judgment interest will not be awarded.

**Attorneys' Fees and Costs**

The Court has authority to grant the recovery of full costs and reasonable attorney's fees to Elohim as the prevailing party. See 17 U.S.C. §505. Elohim seeks $75,600.00 in attorneys fees and $330.00 of costs from Degolmok and Bittel. However, pursuant to Local Rule 55-3, which sets forth a schedule for reasonable

attorneys' fees with regard to default judgments, Elohim is entitled to $3,480.00 in reasonable attorneys' fees.

Elohim is entitled to recover only those costs recoverable under 28 U.S.C. § 1920. *See Rimini Street, Inc. v. Oracle USA, Inc.*, 139 U.S. 873 (2019). Elohim may submit a bill of costs to the Clerk of Court.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion for default judgment be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉 as to Defendants Degolmok, Inc. and Jennifer Bittel.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉, 𝕬𝖉𝖏𝖚𝖉𝖌𝖊𝖉 𝖆𝖓𝖉 𝕯𝖊𝖈𝖗𝖊𝖊𝖉 that Judgment be, and hereby is, 𝕰𝖓𝖙𝖊𝖗𝖊𝖉 in favor of Plaintiff Elohim EPF USA, Inc. and jointly and severely against Defendants Degolmok, Inc., dba Degolmok Noraebang, and Jennifer Bittel in the amount of $51,480.00.

Date: August 12, 2019

*Terry J. Hatter, Jr.*
Terry J. Hatter, Jr.
Senior United States District Judge